UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
May 20, 2022
Nathan Ochsner, Clerk

| | |
|---|---|
| Speech First, Inc., § § § Plaintiff, § § versus § § Renu Khator, *et al.*, § § § Defendants. § | Civil Action H-22-582 |

## Preliminary Injunction

A.    *Background.*

Speech First, Inc., seeks to enjoin the University of Houston from enforcing its "Anti-Discrimination Policy." Policy 1 says that students will be disciplined if they, "subject an individual on the basis of their membership in a protected class to unlawful severe, pervasive, or persistent treatment."

The University prohibited behavior that:

(1) is humiliating, abusive, or threatening and denigrates or shows hostility or aversion towards an individual or group;

(2) creates an intimidating, hostile, or abusive learning, living, or working environment, or an environment that alters the conditions of learning, living, or working; or

(3) causes an unreasonable interference with an individual's academic or work performance.

On May 13, 2022, the University changed its policy. The amendments to the policy eliminate the definition of behavior that constitutes harassment.

B.    *Standing.*

Standing requires an injury. The University is a government entity. The University says that Speech First lacks standing because it has no evidence that the students whose speech was restricted intended to target other students. It says that Speech First cannot show that the threat of future enforcement was substantial.

It is well-established that free speech restrictions have a "chilling effect."[1] In an analogous case, the Court of Appeals found that the students had standing for a preliminary injunction based on "pre-enforcement" of the policy through self-censorship.[2] Similarly, the students of the University of Houston have standing to bring the claim because they have pleaded self-censorship.

C.   *Voluntary Cessation.*

Speech First has actively challenged college campus free speech policies across the country.[3] It sued the University of Texas at Austin for similarly restrictive policies regulating student speech. After the lawsuit was filed, the College changed the policy.

The University presumed that the issue was moot. A Court said it was not.[4] Voluntary cessation does not guarantee that the University will not change its position. In that case, the Court said that the University had not issued a controlling statement of future intention. It said that the timing was suspicious and that the University could easily change it's position.

The same reasoning applies for the University of Houston. The University amended the policy one business day before a conference with the Court. It has not said that this amended policy is permanent. It too can also revert to the original policy before the school year.

D.   *Preliminary Injunction.*

For a preliminary injunction, Speech First, Inc., must show: (a) a substantial likelihood of success on the merits; (b) a substantial threat of irreparable harm if the injunction does not issue; (c) that the threatened injury outweighs any harm that will result if the injunction is granted; and (d) that the grant of an injunction is in the public interest.[5]

---

[1] *Houston Chronicle v. City of League City*, 488 F.3d 613, 618 (5th Cir. 2007).

[2] *Speech First, Inc. v. Fenves*, 979 F.3d 319, 331 (5th Cir. 2020).

[3] *See, Speech First, Inc. v. Schlissel*, 939 F.3d 756 (6th Cir. 2019); *Speech First, Inc. v. Cartwright*, 2021 WL 3399829 (M.D. Fla. July 29).

[4] *Fenves*, 979 F.3d at 328.

[5] *Moore v. Brown*, 868 F.3d 398, 402–03 (5th Cir. 2017).

The University cannot choose to abide by the First Amendment in the Constitution. It is not guidance – it is the law. Restraint on free speech is prohibited absent limited circumstances carefully proscribed by the Supreme Court. Any limitation deserves the upmost scrutiny.

Speech First will likely succeed on the merits because the original policy does not comport with the standard adopted by the Supreme Court.[6] As summer approaches, enjoinment of the policy will not cause irreparable harm with fewer students on campus.

The University says that it will be injured if recourse is unavailable for harassment against students or faculty. As important as that is, students also need defenses against arbitrary professors.

E.    *Conclusion.*

Enforcement of the University's "Anti-Discrimination Policy" is stayed until the Court rules dispositively. (3)

Signed on May __19__, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[6] *Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999).